# Evangeliste v. KRC Westmoreland Associates, Inc.

*James J. Conte*, for plaintiff.
*Ralph Conrad*, for G.M.W., Inc.

ACKERMAN, *J.*, December 20, 1982 – This is an action on a mechanics' lien. Plaintiff, a subcontractor, has named both the property owner and the contractor as defendants. The contractor, GMW Company, Inc., has filed preliminary objections in the form of a demurrer in response to the plaintiff's complaint, contending that it has been improperly joined as a defendant. It is GMW's position that only the owner of the real estate can be a defendant in a mechanics' lien action citing Pa.R.C.P 1654. GMW's position is not correct.

Rule 1654 of the Pennsylvania Rules of Civil Procedure, states:

"(a) The plaintiff shall name as defendant, the owner, named in the claim and the owner, if known, at the time the action is commenced.

(b) If the last owner of record prior to the commencement of the action has died, the plaintiff shall name as a defendant, his personal representative, heir, or devisee if known."

While the rule states the owner shall be joined as defendant, it does not state that the only defendant permitted is the owner. Indeed, Goodrich-Amram

2d. in its commentary to Rule 1654, states, at section 1654:

"1. Parties, generally, Under the present practice, as under the prior practice, the proper and necessary parties in the usual action upon a mechanics' lien are the claimant as plaintiff and the owner as defendant. Even under the prior practice governed by the act of 1901, the contractor was not required to be made a party where the action was brought by a subcontractor, although in such a case, it has been held proper to make the contractor a party along with the owner." (Emphasis added.)

In concluding that it is proper to make the contractor a party along with the owner, Goodrich-Amram, supra. cites the case of Hossack v. Landy Towel and Service, Inc., 7 D.&C. 2d 39 (1956). There the court states:

"While the contractor may not be a necessary party, his joinder as a defendant is certainly permissive. . ."

Defendant has not pointed to any law that would contradict the authorities cited and as such the preliminary objection will be dismissed.

### DECREE

And now, this December 20, 1982, the preliminary objections of defendant, GMW Company, Inc., are hereby dismissed.